IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-16-193-RAW |
| ROD WIEMER, et al., | ) ) ) | |
| Defendants. | ) | |

### ORDER

Before the court is the motion of the plaintiff, Safeco Insurance Company of America ("Safeco"), for summary judgment. Plaintiff filed this action seeking a declaratory judgment that coverage on a Safeco policy had terminated at the time of the pertinent accident, that therefore Safeco had no duty to defend or indemnify Portra McAlister (who was driving the pertinent vehicle and was involved in the accident), and that Robert and Georgine Dagenet did not have an insurable interest in the relevant automobile at the time of the accident.

The standard for the granting of a summary judgment motion is set forth in Rule 56(a) F.R.Cv.P., i.e., that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmoving party, and a fact is material when it might affect the outcome of the suit under the governing substantive law. *Bird v. West Valley City,* 832 F.3d 1188, 1199 (10th Cir.2016). The court views the evidence and draws reasonable inferences in the light most favorable to the nonmoving party. *Brecek & Young*

*Advisors, Inc. v. Lloyds of London Syndicate 2003*, 715 F.3d 1231, 1237 (10th Cir.2013).

Upon review, the court finds this order need not be lengthy. The linchpin of plaintiff's case is the contention that the Dagenets made a gift of the subject vehicle to Portra McAlister before the accident and therefore no longer had an insurable interest in the vehicle. Accordingly, the argument continues, coverage for the vehicle under the Safeco policy terminated at the same time.

In response, defendants contend there had been no gift at the time of the accident, and that McAlister was merely a permissive driver. Therefore, in defendants' view, the Safeco policy remained in effect.

There are genuine disputes as to material facts in this regard. For example, the accident report shows Robert Dagenet as the owner of the vehicle at the time. Georgine Dagenet testified that the car was hers on the date of the accident and that McAlister was driving the car to see if McAlister liked it. The gift would take place *if* McAlister decided McAlister wanted the car. (*See* #43-1).

Plaintiff also contends that, under the terms of the Safeco policy, coverage for the vehicle was automatically terminated when Cornerstone National Insurance Company added the vehicle to McAlister's existing Cornerstone policy (as a "newly acquired vehicle") effective October 10, 2010. The accident took place on October 17, 2010. In response, defendants present evidence that Cornerstone did not add coverage for the vehicle until October 22, 2016, (after the accident) and made the coverage retroactively effective to

2

October 10, 2010. Moreover, the Cornerstone policy provides that coverage for a newly acquired vehicle "begins on the date you become the owner." On the other hand, it is not disputed that Cornerstone paid for the property damage to certain defendants' vehicles involved in the accident. As to this argument as well, the record reflects that plaintiff has failed to meet the requisite standard of Rule 56(a) F.R.Cv.P., recited above.

It is the order of the court that the plaintiff's motion for summary judgment (#40) is DENIED.

**ORDERED THIS 6th DAY OF FEBRUARY, 2017.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**